IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| PEERLESS INSURANCE COMPANY and OHIO SECURITY INSURANCE COMPANY, | ) ) ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | 1-19-CV-362 |
| INNOVATIVE TEXTILES, INC., INNOVATIVE TEXTILES, LLC, and CARHARTT, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge

Plaintiffs initiated this action pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, *et seq.*, seeking, among other relief, a declaration that Plaintiffs have no duty to indemnify Defendants, Innovative Textiles, Inc. and Innovative Textiles, LLC (together "Innovative") against any judgment arising out of a pending lawsuit in Michigan federal court. (ECF No. 1 ¶¶ 1, 3.) Before the Court is Defendant Carhartt Inc.'s Motion to Dismiss Plaintiffs' claim for a declaratory judgment regarding Plaintiffs' duty to indemnify. (ECF No. 24 at 1.) For the reasons stated below, Carhartt's motion will be granted.

I.  **BACKGROUND**

This insurance coverage dispute arises out a lawsuit pending in the United States District Court for the Eastern District of Michigan (the "underlying litigation") in which

1

Carhartt alleges that Innovative supplied it with defective fabric. (ECF No. 25 at 2–3.) Plaintiffs in this case are two insurance companies, Peerless Insurance Company and Ohio Security Insurance Company ("Plaintiffs"), who "have issued commercial general liability and umbrella insurance policies" to Innovative. (*Id.* at 1, 3.) To date, Plaintiffs have fully defended Innovative in the underlying litigation pursuant to a full reservation of rights. (*Id.* at 3.) In this lawsuit, however, Plaintiffs contend that Carhartt's claims against Innovative in the underlying litigation are excluded from the coverage Plaintiffs provide to Innovative, such that they have no duty to indemnify Innovative should it ultimately be found liable to Carhartt. (*Id.* at 3–4.) Defendant Carhartt now moves pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss without prejudice the Plaintiffs' claim for declaratory relief related to Plaintiffs' duty to indemnify Innovative "on the grounds that the claim is not ripe, and the Court therefore lacks subject matter jurisdiction to adjudicate the claim." (ECF No. 24 at 1.)

## II. DISCUSSION

Defendant Carhartt argues that Plaintiffs' "request for a declaration regarding their duty to indemnify is not ripe for decision" because the Michigan lawsuit is still pending, such that "it remains uncertain whether, and on what factual basis, the trier of fact will find [Innovative] liable to Carhartt." (ECF No. 25 at 7.) Plaintiffs respond that the Court "has wide discretion to proceed in adjudicating this action" and should hear their claim so as to clarify the coverage dispute and thereby "encourage resolution of the [u]nderlying [a]ction." (ECF No. 41 at 5–6.) Because the Court declines to exercise its discretion under the DJA to hear Plaintiffs' claim at this time for the reasons outlined herein, it need not decide whether Plaintiffs' request for

declaratory relief related to their duty to indemnify is ripe. *See Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019) ("We may thus look to whether jurisdiction *should* have been exercised in this declaratory judgment action without first addressing whether Article III jurisdiction exists.").

The DJA provides that in "a case of actual controversy within its jurisdiction," a district court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). As the Fourth Circuit recently explained in *Trustgard Insurance Co. v. Collins*, "[r]ather than grant litigants a right to judgment in their case, [the DJA] merely permits the courts to hear those cases." 942 F.3d at 201. In deciding whether to exercise its discretion under the DJA, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

In determining whether practicality and wise judicial administration weigh in favor of hearing a claim related to an insurer's duty to indemnify, courts have considered a number of factors, including (1) whether hearing the case would "intrude on the prerogative of state courts"; (2) whether "exercise[ing] their discretionary jurisdiction . . . would raise serious questions about Article III jurisdiction"; and (3) whether the declaration would "consume judicial time in order to produce a decision that may turn out to be irrelevant." *See Trustgard*, 942 F.3d at 201–02; *Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083, 1087 (N.D. Ill. 2004) (quoting *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003)). Generally, courts decline to hear declaratory actions regarding an insurer's duty to indemnify, largely because "a

3

declaration regarding the duty to indemnify may have no real-world impact if no liability arises in the underlying litigation." *See Molex*, 334 F. Supp. 2d at 1087.

Here, these factors weigh heavily against hearing Plaintiffs' duty to indemnify claim. While this is not a case that would intrude on the prerogatives of any state court since the underlying litigation sits in federal court, hearing Plaintiffs' duty to indemnify claim at this time could unnecessarily consume the resources of the Court and the litigants as it is entirely possible that Innovative could be determined not liable to Carhartt in the underlying litigation. Further, hearing this claim would raise serious questions about Article III jurisdiction as it is not clear that Plaintiffs have standing or a ripe claim.

First, Plaintiffs may not have standing as they may not have alleged a concrete injury that is "actual or imminent, not conjectural or hypothetical." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted) (describing the "irreducible constitutional minimum of standing"). Here, Plaintiffs' alleged injury is that they may, one day, need to indemnify Innovative. The Fourth Circuit recently characterized just such an injury as "hypothetical and contingent in nature," strongly suggesting that Plaintiffs have not suffered an injury in fact. *See Trustgard*, 942 F.3d at 200 (noting serious doubt that the court had jurisdiction to hear an insurance company's request for declaratory judgment on its duty to indemnify an insured who had not yet been found liable in an underlying lawsuit). Second, even if Plaintiffs have suffered an injury in fact, their claim may not yet be ripe for review. Though the Fourth Circuit has not held that the Constitution requires dismissal of the type of claim Plaintiffs bring here, district courts in this Circuit and beyond have held that "a dispute regarding an insurer's duty to indemnify is not ripe for decision until the underlying issue of

4

liability has been adjudicated." *See Am. Auto. Ins. Co. v. Jacobs*, No. 1:11-cv-00332-MR-DLH, 2013 WL 2632602, at *2 (W.D.N.C. June 11, 2013); *see also, e.g.*, *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1293 (S.D. Ala. 2016); *Molex*, 334 F. Supp. 2d at 1087. This general policy of "[w]aiting to decide the scope of indemnification is not, however," according to the Fourth Circuit, "a hard and fast rule." *Travelers Indem. Co. v. Miller Bldg. Corp.*, 221 F. App'x. 265, 268 (4th Cir. 2007) (per curiam).[1] Thus, exercising our discretion at this time could raise serious, unresolved questions about Article III jurisdiction. *See Trustgard*, 942 F.3d at 204–05 (Harris, J. concurring) (noting that "[i]t may be that the courts ultimately will conclude that there is no subject matter jurisdiction over duty-to-indemnify claims absent a finding of liability," but for now, the question of subject matter jurisdiction is "far from settled").

In sum, considering (1) the significant questions related to Article III jurisdiction, i.e., that Plaintiffs may lack standing and a ripe claim and (2) that the case could consume judicial resources to produce a decision that may be merely advisory, the Court declines to exercise its

---

[1] *See also Trustgard*, 942 F.3d at 204–05 (Harris, J. concurring) (noting that while no court of appeal has expressly treated indemnification claims as premature under Article III, some have found the claims unripe "in the more prudential sense"); *see also Accident Ins. Co.*, 159 F. Supp. 3d at 1288 n.3 ("Opinions addressing the ripeness of claims seeking a declaration that no indemnity obligation exists generally do not specify whether it is the constitutional or the prudential aspect of ripeness being considered; thus, it cannot be assumed that they rest on the former."). Any rule that duty to indemnify claims were unripe as a matter of prudential ripeness would sit uncomfortably with the recent trend articulated by the Supreme Court and lower federal courts against declining to hear cases for prudential rather than constitutional reasons. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–26 (2014); *Fowler v. Guerin*, 899 F.3d 1112, 1116 n.1 (9th Cir. 2018); *Miller v. City of Wickliffe*, 852 F.3d 497, 503 n.2 (6th Cir. 2017); *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 n.3 (3rd Cir. 2017); *Young Advocates for Fair Educ. v. Cuomo*, 359 F. Supp. 3d 215, 236 n.14 (E.D.N.Y. 2019). This doctrinal tension further persuades the Court to decline to hear Plaintiffs' duty to indemnify claim as hearing the claim would require the Court to consider the ongoing validity of prudential ripeness, a matter of substantial importance to our jurisprudence that the parties have not briefed.

discretion under the DJA to hear this case. Accordingly, Plaintiffs' claim for declaratory relief related to their duty to indemnify Innovative will be dismissed without prejudice. The Court therefore enters the following:

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, (ECF No. 24), is hereby GRANTED and Plaintiffs' claim for a declaration regarding their duty to indemnify Innovative is hereby DISMISSED WITHOUT PREJUDICE.

This, the 13th day of January 2020.

/s/Loretta C. Biggs
United States District Judge